# Cooley

David H. Kupfer  
T: +1 212 479 6530  
dkupfer@cooley.com

Via ECF

June 3, 2022

Hon. Paul A. Engelmayer, U.S.D.J.  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, New York 10007

**Re:   Bizzabo Ltd. et al v. Pixeline Technologies, Inc. et al, SDNY No. 1:22 Civ. 04010**

Dear Judge Engelmayer:

The parties in the above-captioned matter write jointly in response to the Court's Order (Dkt. No. 39). As an initial matter, the parties are available for the preliminary injunction hearing at the time the Court indicated it had availability—June 27, 2022 at 12 PM.

Regarding the Court's request for clarification on the status of the temporary restraining order it entered on May 17, 2022, Plaintiff submits that the TRO not be modified, and Defendants request a clarification that they can use the documents at issue in litigation in Israel. The parties' positions are as follows:

**Defendants' Position:**

As a matter of professional courtesy, Defendants have no objection to Plaintiffs' counsel's scheduling requests. Substantively, however, we respectfully submit that the *ex parte* TRO (ECF no. 13) should only be extended, pending the hearing, if modified at Paragraph 1(b) to clarify that it permits the confidential transmission (e.g., under seal, *in camera*, or subject to a protective order) of the relevant documents as part of the current injunction motion proceedings in the Israeli courts.

Fed. R. Civ. P. 65(b)(3) provides that "the motion for a preliminary injunction must be set for hearing at the earliest possible time…." Further, Fed. R. Civ. P. 65(b)(2) mandates that temporary restraining orders "expire[] at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Where no action is taken to extend a temporary restraining order, it expires on this default timeline. *See Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009).

Here, the parties have *not* jointly agreed to extend the TRO and Defendants submit that the TRO should be vacated entirely. Nonetheless, even before Your Honor's order (ECF no. 39), in an effort to resolve this matter without burdening the Court, Defendants sought to meet and confer with Plaintiffs. Specifically, Defendants offered to continue the TRO, pending the hearing, provided it was modified to clarify that it does not prevent Pixeline from presenting the documents at issue to the Israeli court. Plaintiffs rejected this solution.

The court in Israel is hearing Pixeline's claims against Bizzabo for misappropriating its trade secrets and Bizzabo's theft of its intellectual property. Mr. Rosanski downloaded the documents at issue in the SDNY proceedings – to which he undisputedly had access – in order to preserve evidence of Plaintiffs' theft of

# Cooley

Hon. Paul A. Engelmayer, U.S.D.J.
June 3, 2022
Page Two

Defendants' software. Pixeline (i.e., plaintiffs in Israel and defendants here) will submit the documents to the Israeli court and produce them in discovery. (The documents would be submitted *in camera* and for attorneys' eyes only, without the documents being produced in open court.[1])

As a result, in our discussions with Plaintiffs, we raised Paragraph 1(b) of the TRO, which bars "transmitting for any purpose," seeking to clarify that transmission to the Israeli court and to Bizzabo itself would not constitute a violation of the temporary restraining order.

That Plaintiffs would not agree to this reasonable compromise speaks volumes about their true reasons for bringing this litigation in New York. During our meet and confer, Plaintiffs' counsel explained that Pixeline should not be allowed to benefit from this "self-help." At best, this is an argument that should be submitted to the Israeli court as a reason why it should not consider the documents. But allowing a party to conceal the evidence of its wrongdoing from another court is not a good cause for this Court to enter or continue an injunction. Certainly, Bizzabo cannot point to any irreparable injury in allowing the Israeli court to confidentially see the evidence of their own misconduct.

Especially given the issues raised concerning forum selection in Defendants' opposition to the pending motion for a preliminary injunction (as well as the related issues concerning *forum non conveniens*), we respectfully submit that even if the Court were inclined to extend the *ex parte* TRO for the time period requested by Plaintiffs, that such an order be granted subject to the clarification that Defendants are expressly authorized to transmit the relevant documents to (a) Plaintiffs and (b) the Israeli court.

Finally, as stated in Plaintiffs' previous letter (ECF no. 38), the parties respectfully request that the deadline to answer or move to dismiss the complaint be extended until after the Court has ruled on the preliminary injunction.

We look forward to the opportunity to appear before Your Honor and address the outstanding motion for preliminary injunction. Thank you for Your Honor's consideration in this matter.

**Plaintiffs' Position:**

There is no reason for the Court to modify or vacate the temporary restraining order ("TRO"). Plaintiffs brought the motion for a TRO and preliminary injunction because they had learned that Defendant Rosanski, on behalf of Defendant Pixeline, had improperly accessed and downloaded documents which contained Plaintiffs' confidential and proprietary information (including trade secrets regarding strategic roadmaps, competitive intelligence, customer and pricing information, and plans for future products and features), and was actively contacting Plaintiffs' customers in an effort to tortiously interfere with such relationships, tarnish Plaintiffs' reputation, and steal customers.

Plaintiff's concerns have been validated by Defendants' responses in their opposition papers. Defendants do not deny that they downloaded the documents and called Plaintiffs' customers. Further, for many of the documents, Defendants' opposition papers are silent on how they came to access the documents. This is because it would require Defendants to admit to their clandestine efforts to reach documents for which they

---

[1] We understand that the documents would be physically submitted in a sealed envelope to the judge's chambers, assuring that he is the only person to inspect them. If it would be helpful to this Court, Pixeline's Israeli counsel, Sa'ar Plinner, can provide a sworn declaration concerning the procedures for treatment of confidential documents in Israeli litigation and how the documents at issue here would be submitted to the court in Israel.

# Cooley

Hon. Paul A. Engelmayer, U.S.D.J.
June 3, 2022
Page Three

knew they were never provided access, had no legitimate business reason to access, and no permission to review.

The likelihood of success on the merits, potential for immediate irreparable harm, and balance of the equities are the same today as they were on May 17, 2022, when the Court entered the TRO. The Court should accordingly continue the TRO until it can hold the preliminary injunction hearing.[2]

The defense appears to be that Defendants believe that they needed the documents for a lawsuit they planned to file, which of course is no defense at all. Defendants claim that they downloaded many of these documents to collect evidence that Plaintiffs stole their intellectual property. Specifically, Defendants claim that they have reason to believe Plaintiffs have infringed their (unregistered) copyrights by improperly copying the source code of Defendants' software. As Plaintiffs explained in declarations offered in support of the preliminary injunction motion, this is impossible as Plaintiffs have never had Defendants' source code and could therefore never have copied it. (ECF No. 33 at ¶ 6.) But more to the point, Defendants' "self-help" to documents that don't belong to them is theft, and Defendants should not be allowed to benefit from their wrongful conduct.

Defendants do not request an alteration to the Court's TRO because it is impacting their business or operations in any way. Rather, they argue that they should be able to submit the documents they have misappropriated from Plaintiffs in support of their lawsuit in Israel. While the documents identified by Plaintiff would not assist Defendants' IP claims in any way—because there was no copyright infringement and the documents do not suggest otherwise—Defendants' request should be denied.

First, allowing Defendants to use the documents at issue *for any reason* would be to allow them to benefit from the misappropriation of Plaintiffs' trade secrets and breach of confidentiality. Plaintiffs should not be granted authorization to violate tort and contractual duties, including a federal statute, the Defend Trade Secrets Act.

Second, the Israeli proceeding should be kept separate from the action at bar. If Defendants want discovery in that proceeding, they should serve discovery requests and/or ask the Courts in Israel to authorize discovery—actions which they have not taken. Plaintiffs will comply with all orders and appropriate discovery requests in that case. Using the Israeli proceeding to alter the course of this action would be improper.

For the reasons stated above, the Court should adjourn the preliminary injunction hearing to June 27, 2022 at 12 PM and continue the TRO until that time.

---

[2] To the extent the Court is required to find good cause to extend the TRO past 14 days, pursuant to Rule 65, Plaintiffs submit that a hearing was previously scheduled twice in this matter and on both occasions, Plaintiffs were available and ready to proceed. This hearing was adjourned on those occasions at Defendants' request. (Dkt. Nos. 18, 35). Accordingly, the Court should find good cause to extend the TRO until the preliminary injunction hearing, for the same reasons it found appropriate to adjourn the hearing on each of those occasions.

# Cooley

Hon. Paul A. Engelmayer, U.S.D.J.
June 3, 2022
Page Four

Respectfully submitted,

*/s/ David H. Kupfer*

The hearing previously scheduled for June 6, 2022 at 11 a.m. is hereby adjourned until June 27, 2022 at 12 p.m. The temporary restraining order, Dkt. 13, is extended on consent until that time, with the modification/clarification that the relevant documents may be submitted as part of the current injunction proceedings being brought in Israel, as proposed by defendants. Defendants' time to respond to the complaint is extended as requested until three weeks following the Court's preliminary injunction decision *See* Dkt. 38. The Clerk of the Court is respectfully directed to close the motion pending at docket 38. SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge
6/3/22